Electronically Submitted
9/15/2020 3:01 PM
Hidalgo County Clerk
Accepted by: Alma Navarro

CAUSE NO.: **CL-20-3547-D** _____

| | | |
|---|---|---|
| **RAFAEL QUINTANILLA,** | § | IN THE COUNTY COURT |
| *Plaintiff,* | § | |
| | § | |
| **Vs.** | § | |
| | § | AT LAW NO. \_\_\_\_\_ |
| **CANO & SON MÉXICO SA DE CV, AND JOSE ANTONIO ALVAREZ,** | § § § | |
| *Defendants.* | § | HIDALGO COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION, AND REQUESTS FOR DISCLOSURE TO DEFENDANTS**

**TO THE HONORABLE JUDGE AND JURY OF SAID COURT:**

**NOW COMES,** Rafael Quintanilla, (hereinafter sometimes referred to as "Plaintiff" or "QUINTANILLA"), complaining of Cano & Son México SA de CV (hereinafter sometimes referred to collectively as "Defendant" or individually as "CANO & SON"), and Jose Antonio Alvarez (hereinafter sometimes referred to collectively as "Defendant" or individually as "ALVAREZ") and for cause of action shows unto the Court and Jury the following:

### I.   DISCOVERY CONTROL PLAN & MONETARY CLAIM FOR RELIEF

1.1   Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4 because this suit involves monetary relief over $100,000 but not more than $200,000, including damages of any kind, penalties, court costs, expenses, post and pre-judgment interest.

1.2   Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought. Plaintiff seeks monetary relief

Case 7:21-cv-00058 Document 1-5 Filed on 02/12/21 in TXSD Page 2 of 18

Electronically Submitted
9/15/2020 3:01 PM
Hidalgo County Clerk
Accepted by: Alma Navarro

CL-20-3547-D

over $100,000 but not more than $200,000, and monetary relief, Tex.R.Civ.P. 47(c)(3). Plaintiff reserves the right to either file a trial amendment or an amended pleading on the issue of damages if subsequent evidence shows that the range of damages is either too high or too low.

1.3     Plaintiff demand judgment for all other relief to which Plaintiff deem themselves entitled. *See,* Tex. R. Civ. P. 47(d).

## II.     PARTIES AND SERVICE

2.1     Plaintiff, Rafael Quintanilla, is a resident of Hidalgo County, Texas, pursuant to CPRC, Sec. 30.014(a)(1) the last three numbers of Plaintiff's TX Driver's License are 610 and the last three numbers of her Social Security card are 782.

2.2     Defendant, Jose Antonio Alvarez, is an individual and is a citizen of Mexico, who may be served with Citation and a copy of this petition at his place of residence. **Service of citation and a copy of this petition is requested to be served on said Defendant by private process server at his place of employment Cano & Son Mexico Sa de Cv located at Carretera Federal Reynosa – Mat 1000, Calle Sonora #608, Reynosa Tamaulipas Mexico 88780, and/or c/o Cano & Son Mexico Sa de Cv located at 109 W. Dicker Rd., Ste B, San Juan, Texas 78589**, wherever he may be **found.**

2.3     Defendant, Cano & Son Mexico Sa de Cv, is a company organized and exiting under the laws of Mexico doing business within the State of Texas; s**ervice of citation and a copy of this petition is requested to be served on said Defendant by private process server at Carretera Federal Reynosa – Mat 1000, Calle Sonora #608, Reynosa Tamaulipas Mexico 88780, and/or c/o Cano & Son Mexico Sa de Cv located**

Case 7:21-cv-00058 Document 1-5 Filed on 02/12/21 in TXSD Page 3 of 18

Electronically Submitted
9/15/2020 3:01 PM
Hidalgo County Clerk
Accepted by: Alma Navarro

CL-20-3547-D

**at 109 W. Dicker Rd., Ste B, San Juan, Texas 78589, or wherever they may be found.**

2.4     When in this petition it is stated and alleged that Jose Antonio Alvarez, individually, committed or omitted any act or thing, it is meant and alleged that said Defendant committed said act and/or omission, both in his individual capacity and also in his capacity as an employee of Cano & Son Mexico Sa de Cv; and that said acts and/or omission was done as an officer, agent, servant, employee and/or a representative of said Defendant, and/or said commission and/or omission was done by such act or thing with the full authorization and/or ratification of said Defendant, and that the commission and/or omission was done in the normal and routine scope of employment by authorized officers, agents, servants, employees and/or representative of same.

### III.     JURISDICTION AND VENUE

3.1     Plaintiff would show that venue is proper in Hidalgo County, Texas, pursuant to Section 15.002(a)(1) of the Texas Civil Practices & Remedies Code for the reason that Hidalgo County is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

3.2     Jurisdiction is appropriate in this Court in that this is a lawsuit seeking damages within the jurisdictional limits of the District Courts of the State of Texas, and this Court has personal jurisdiction over Defendant since the Defendant availed themselves as set out above.

3.3     Jurisdiction would not be proper in federal court as there is not complete diversity of citizenship between the Plaintiff, Quintanilla, a citizen of Mexico and the

**CL-20-3547-D**

Defendant in this case, both citizens of Mexico.[1] Moreover, Plaintiff are not asserting any claims or causes of action based on federal statutes, treaties, or laws. Plaintiff expressly disavow any federal claims or causes of action. Moreover, this lawsuit asserts no claims against the United States nor does it involve any claims based on maritime law.

### IV. FACTUAL BASIS OF CLAIM

4.1     This motor vehicle collision occurred on or about October 17, 2018, at the 1200 block of W. Dicker Road in Hidalgo, Hidalgo County, Texas. Plaintiff was traveling in a reasonable and prudent manner, exercising ordinary care for her safety and the safety of others.

4.2     Plaintiff was traveling westbound on Dicker Road, and was stationary at the intersection of W. Dicker Road, and Jackson Road in Hidalgo Texas due to the presence of a red light. Defendant ALVAREZ, an employee, acting within the course and scope of employment for Defendant CANO & SON, was traveling behind Plaintiff operating a commercial tractor truck, was not attentive to his surroundings, failed to control his speed and struck Plaintiff from behind causing this crash event. Due to the magnitude of the collision in question, plaintiff was caused to suffer significant personal injuries and damage to his vehicle.

4.3     Due to Defendant's negligence and gross negligence in failing to control his

---

[1] Congress amended 28 U.S.C. Section 1332(a) in 2011 to remove the prior amendment that stated that an "alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled," to clarify that the intent of the statute was to eliminate diversity jurisdiction between citizens and lawful permanent residents of the same state, not to extend citizenship to non-citizens. 28 U.S.C. § 1332(a)(2). Federal courts have interpreted Congress' actions in amending as an affirmation that diversity jurisdiction does not exist between a "non-resident alien on one side and resident aliens and United States citizens on the other." *H.K. Huilin Intern. Trade Co., Ltd., v. Kevin Multiline Polymer Inc.*, 907 F. Supp. 2d 284, 289 (E.D. N.Y. 2012); *Javed v. Shuang Zhang*, 872 F. Supp.2d 194, 203 (N.D. N.Y. 2012). Diversity is therefore not complete and federal diversity jurisdiction does not exist. *See Perez v. Grupo TMM, S.A.B.*, 2009 WL 926991 at *3; *see also Javed*, 872 F. Supp.2d at 203.

Case 7:21-cv-00058 Document 1-5 Filed on 02/12/21 in TXSD Page 5 of 18

Electronically Submitted
9/15/2020 3:01 PM
Hidalgo County Clerk
Accepted by: Alma Navarro

CL-20-3547-D

speed, driving inattentive and failing to maintain a proper lookout, a violent collision occurred between the 1999 Kenworth T880 Tractor Truck driven by Alvarez and the 2003 Ford minivan operated by Plaintiff.

4.4     As a result of Defendant's acts of negligence and gross negligence as set forth herein and above, Plaintiff sustained severe personal injuries.

### V.     COUNT 1 - PLAINTIFF'S CLAIM OF NEGLIGENCE AND NEGLIGENCE PER SE AGAINST ALVAREZ AND CANO & SON

5.1     Defendant, ALVAREZ, had a duty to exercise that degree of care on the occasion in question that a reasonable and prudent person would have exercised under the same or similar circumstances and wholly failed to do so thus breaching the duty owed to Plaintiff which was a producing and proximate cause of the occurrence in question and the Plaintiff's resulting injuries and damages.

5.2     Plaintiff's injuries were proximately caused by ALVAREZ's negligent, careless and reckless disregard of said duty. The negligent, careless and reckless disregard of duty of ALVAREZ, consisted of, but is not limited to, the following acts and omissions:

a) In that Defendant failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

b) In that Defendant was operating his motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances;

c) In that Defendant failed to maintain a clear and reasonable distance between Plaintiff motor vehicle and the tractor truck that Defendant was operating;

d) In that Defendant failed to keep such distance away from Plaintiff's motor vehicle as a person using ordinary prudent care would have done;

e) In that Defendant was operating his motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances;

Case 7:21-cv-00058 Document 1-5 Filed on 02/12/21 in TXSD Page 6 of 18

Electronically Submitted
9/15/2020 3:01 PM
Hidalgo County Clerk
Accepted by: Alma Navarro

CL-20-3547-D

f) In that Defendant failed to apply his brakes to his motor vehicle in a timely and prudent manner;

g) In that Defendant was operating his vehicle at an unsafe speed to negotiate the surrounding traffic in an effort to avoid gearing down; and

h) In that Defendant failed to exercise ordinary care to protect Plaintiff, Rafael Quintanilla.

5.3     ALVAREZ's conduct described herein constitutes an unexcused breach of duty imposed by **Texas Transportation Code Section 545.351; Failed to Control Speed; when the speed of the vehicle was unreasonable for the circumstances or conditions and the driver's lack of control resulted in a collision with a person, vehicle, or conveyance that was legally on the roadway**. Plaintiff is a member of the class that Texas Transportation Code Section 545.351 was designed to protect.

5.4     ALVAREZ, in his individual capacity and as an employee of CANO & SON, unexcused breach of the duty imposed by Texas Transportation Code Section 545.351.

5.5     Further, Defendants also violated sections of Title 49 of the Code of Federal Regulations as well as Title 37 of the Texas Administrative Code that governs Motor Carriers. Defendants' violated sections which include, but are not limited to the following Federal Motor Carrier Safety Regulations:

a) §391.1   Scope of the rules in this part - additional qualifications; duties of carrier-drivers; The rules in this part establish minimum qualifications for persons who drive commercial motor vehicles as, for, or on behalf of motor carriers. The rules in this part also establish minimum duties of motor carriers with respect to the qualifications of their drivers;

b) §391.11   General qualifications of drivers - A person shall not drive a commercial motor vehicle unless he/she is qualified to drive a commercial motor vehicle. Except as provided in §391.63, a motor carrier shall not require or permit a person to drive a commercial motor vehicle unless that person is qualified to drive a

Electronically Submitted
9/15/2020 3:01 PM
Hidalgo County Clerk
Accepted by: Alma Navarro

commercial motor vehicle

c) §391.21 Application for employment - a person shall not drive a commercial motor vehicle unless he/she has completed and furnished the motor carrier that employs him/her with an application for employment that meets the requirements of paragraph (b) of this section. (b) The application for employment shall be made on a form furnished by the motor carrier. Each application form must be completed by the applicant, must be signed by him/her;

d) §391.23 Investigation and inquiries - each motor carrier shall make the following investigations and inquiries with respect to each driver it employs, other than a person who has been a regularly employed driver of the motor carrier for a continuous period which began before January 1, 1971;

e) §391.25 Annual inquiry and review of driving record - Except as provided in subpart G of this part, each motor carrier shall, at least once every 12 months, make an inquiry to obtain the motor vehicle record of each driver it employs, covering at least the preceding 12 months, to the appropriate agency of every State in which the driver held a commercial motor vehicle operator's license or permit during the time period;

f) §391.27 Record of violations - Except as provided in subpart G of this part, each motor carrier shall, at least once every 12 months, require each driver it employs to prepare and furnish it with a list of all violations of motor vehicle traffic laws and ordinances (other than violations involving only parking) of which the driver has been convicted or on account of which he/she has forfeited bond or collateral during the preceding 12 months;

**SUBPART F—FILES AND RECORDS:**

g) §391.51 General requirements for driver qualification files - Each motor carrier shall maintain a driver qualification file for each driver it employs. A driver's qualification file may be combined with his/her personnel file;

h) §391.53 Driver investigation history file - Each motor carrier must maintain records relating to the investigation into the safety performance history of a new or prospective driver pursuant to §391.23(d) and (e). This file must be maintained in a secure location with controlled access;

i) §395.3 Maximum driving time for property-carrying vehicles - Except as otherwise provided in §395.1, no motor carrier shall permit or require any driver used by it to drive a property-carrying commercial motor vehicle, nor shall any such driver drive a property-carrying commercial motor vehicle, regardless of the number of motor carriers using the driver's services

j) §395.8 Driver's record of duty status - a motor carrier subject to the requirements of this part must require each driver used by the motor carrier to record the driver's

Case 7:21-cv-00058 Document 1-5 Filed on 02/12/21 in TXSD Page 8 of 18

Electronically Submitted
9/15/2020 3:01 PM
Hidalgo County Clerk
Accepted by: Alma Navarro

CL-20-3547-D

duty status for each 24-hour period

### PART 396—INSPECTION, REPAIR, AND MAINTENANCE:

k) §396.1 Scope - Every motor carrier, its officers, drivers, agents, representatives, and employees directly concerned with the inspection or maintenance of commercial motor vehicles must be knowledgeable of and comply with the rules of this part; and

l) §396.3 Inspection, repair, and maintenance - Every motor carrier and intermodal equipment provider must systematically inspect, repair, and maintain, or cause to be systematically inspected, repaired, and maintained, all motor vehicles and intermodal equipment subject to its control.

5.6 These statutes are designed to protect a class of persons to which plaintiff belongs against the type of injury suffered by plaintiff. The statute is of the type that imposes tort liability. Defendants' violations of the statute were without a legal excuse. Defendants' breach of duty imposed by the statute proximately caused injury to plaintiff, which resulted in the damages set forth below and incorporated by reference herein.

5.7 These acts and/or omissions constitute negligence and gross negligence and proximately caused Plaintiff's injuries as alleged herein.

### VI. COUNT 2 - PLAINTIFF'S CLAIM OF NEGLIGENT ENTRUSTMENT AND RESPONDEAT SUPERIOR AGAINST CANO & SON

6.1 At the time of the occurrence of the act in question and immediately prior thereto, Defendant, Alvarez was acting within the course and scope of employment for Defendant, CANO & SON.

6.2 CANO & SON prior to, and at the time of, the subject collision, entrusted its commercial tractor truck vehicle to ALVAREZ, for the purpose of them engaging in a commercial trucking operation and him operating it over the roads and highways of the State of Texas. At such time, ALVAREZ was incompetent and/or unfit to safely operate the commercial tractor truck vehicle. CANO & SON knew or should have known, in the

Case 7:21-cv-00058 Document 1-5 Filed on 02/12/21 in TXSD Page 9 of 18

Electronically Submitted
9/15/2020 3:01 PM
Hidalgo County Clerk
Accepted by: Alma Navarro

CL-20-3547-D

exercise of ordinary care, that ALVAREZ was an incompetent and/or unfit driver and would create an unreasonable risk of danger to persons and property.

6.3 CANO & SON were negligent in entrusting their commercial tractor truck combination vehicle to ALVAREZ. Such negligence was a proximate cause of the occurrence, and resulting damages to Plaintiff.

6.4 On the occasion in question, one or more CANO & SON were negligent, in the operation of their commercial trucking enterprise, by:

a) Failing to use reasonable care in recruiting or hiring their drivers, including ALVAREZ;

b) Failing to use reasonable care in the discipline, re-training and/or termination of incompetent, careless, or reckless employees, including ALVAREZ;

c) Failing to use reasonable care in training employees, including ALVAREZ; and/or

d) Failing to use reasonable care in monitoring and supervising the conduct of employees, including ALVAREZ.

6.5 Such other acts or omissions as may be revealed in future discovery. Further, at the time of the occurrence of the act in question and immediately prior thereto, Defendant, Alvarez was engaged in the furtherance of Defendant's, CANO & SON, business affairs. At the time of the occurrence of the acts in question and immediately prior thereto, Alvarez was engaged in accomplishing a task for CANO & SON, for which Alvarez was employed. Therefore, Plaintiff invokes the doctrine of ***Respondent Superior*** as against Defendant, CANO & SON.

6.6 Each of the above-stated acts and/or omissions, singularly or collectively, constitute a proximate cause of the occurrence, and resulting damages to Plaintiff.

Electronically Submitted
9/15/2020 3:01 PM
Hidalgo County Clerk
Accepted by: Alma Navarro

**CL-20-3547-D**

## VII.   COUNT 3 - GROSS NEGLIGENCE AND EXEMPLARY DAMAGES AGAINST DEFENDANTS CANO & SON MÉXICO SA DE CV, AND JOSE ANTONIO ALVAREZ

7.1     Plaintiff seeks exemplary damages for the serious personal injuries caused by Defendants', ALVAREZ, Individually, and CANO & SON, gross negligence under Texas Civil Practice & Remedies Code section 41.003 (a)(3), as defined by section 41.001 (1).

7.2     Defendant, CANO & SON, had a right and corresponding duty on October 17, 2018, to investigate and approve or disapprove including properly train any commercial vehicle operator of the carrier. Defendant, CANO & SON, breached that duty by failing to properly qualify the operator, ALVAREZ. Such a breach of said duty resulted in the operation of a CANO & SON's commercial vehicle by an incompetent and reckless driver on the date of the crash event made the basis of this suit. Defendants' acts or omissions as described herein, when viewed from the standpoint of Defendants at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to the Plaintiff and others.

7.3     Defendants, ALVAREZ, Individually, and CANO & SON, acts or omissions described above, when viewed from the standpoint of Defendant at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and other members of the traveling public. Defendants, ALVAREZ, Individually, and CANO & SON, had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.  At all times material hereto, Defendants acted with malice.

Case 7:21-cv-00058   Document 1-5   Filed on 02/12/21 in TXSD   Page 11 of 18

Electronically Submitted
9/15/2020 3:01 PM
Hidalgo County Clerk
Accepted by: Alma Navarro

CL-20-3547-D

7.4  Based on the facts stated herein, the Plaintiff requests exemplary damages be awarded to the Plaintiff from and against Defendants.

## VIII.  CAUSATION

8.1  All of the above and foregoing acts of omission and commission of negligence and gross negligence alleged herein to be committed by Defendants, Alvarez, Individually, and Cano & Son, and its employees, servants and agents which forms the basis of liability of Alvarez, Individually, and Cano & Son to Plaintiff Quintanilla, whether taken separately or in combination with another, were a producing and proximate cause of the crash event made the basis of this suit, the personal injuries of Mr. Quintanilla and the damages sustained herein by Plaintiff, were as a result of the crash event of October 17, 2018.

## IX.  DAMAGES TO PLAINTIFF RAFAEL QUINTANILLA

9.1  As a proximate cause of Defendants' violations and the occurrence made the basis of this suit and acts of Defendants described herein Plaintiff, Rafael Quintanilla, was caused to suffer damages and has incurred the following damages:

a) The physical pain and suffering incurred by Plaintiff, as a result of the incident in question up to the time of trial and which in all reasonable probability will be incurred in the future;

b) The mental anguish suffered by Plaintiff as a result of the incident in question up to the time of trial and which in all reasonable probability will be incurred in the future;

c) The physical impairment suffered by Plaintiff, which has occurred as a result of the incident in question up to the time of trial and which in all reasonable probability will be incurred in the future;

d) The physical disfigurement suffered by Plaintiff, which has occurred as a result of the incident in question up to the time of trial and in the future;

Case 7:21-cv-00058 Document 1-5 Filed on 02/12/21 in TXSD Page 12 of 18

Electronically Submitted
9/15/2020 3:01 PM
Hidalgo County Clerk
Accepted by: Alma Navarro

CL-20-3547-D

e) The amount of reasonable medical expenses necessarily incurred in the treatment of Plaintiff's injuries which plaintiff has incurred up to the time of trial;

f) The reasonable medical expenses and life care needs of Plaintiff necessary to treat his injuries and sustain him for the remainder of his life which in all reasonable medical probability will be incurred in the future; and

g) The loss of enjoyment of life, which will in all reasonable probability continue in the future.

9.2 By reason of the above, Plaintiff Quintanilla, has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

9.3 Plaintiff hereby seek recovery of those elements of damage in an amount within the jurisdictional limits of this Court.

## X. PRE- AND POST-JUDGMENT INTEREST

10.1 Plaintiff seek recovery of such pre-judgment and post-judgment interest as permitted by law.

## XI. RESERVATION OF RIGHTS

11.1 Plaintiff reserve the right to prove the amount of damages at trial. Plaintiff reserve the right to amend their petition to add additional counts upon further discovery and as their investigation continues. Plaintiff hereby alternatively plead that said Defendant are legally liable to your Plaintiff herein for the damages sustained.

## XII. REQUEST FOR JURY TRIAL

12.1 Plaintiff, in accordance with Rule 216 of the Texas Rules of Civil Procedure, request a trial by jury and hereby tender a jury fee with this filing.

CL-20-3547-D

## XIII.  CONDITIONS PRECEDENT

13.1  Pursuant to Rule 54 of the Texas Rules of Civil Procedure, all conditions precedent to Plaintiff right to recover herein and to Defendant' liability has been performed, satisfied or has occurred.

## XIV.  REQUESTS FOR DISCLOSURE TO DEFENDANTS, CANO & SON MEXICO SA DE CV, AND JOSE ANTONIO ALVAREZ

14.1  Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants, Cano & Son Mexico Sa de Cv, and Jose Antonio Alvarez, disclose within fifty days (50) of service of this request, the information or materials described in Rule 194.2 of the Texas Rules of Civil Procedure.

## XV.  PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Rafael Quintanilla, respectfully prays that upon trial of this cause, judgment be entered for the Plaintiff and against Defendants, Cano & Son Mexico Sa de Cv, and Jose Antonio Alvarez, for his damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

    Respectfully Submitted,

    THE MOORE LAW FIRM
    4900 North 10th Street, Suite F3
    McAllen, Texas 78504
    Telephone:  (956) 631-0745
    Telecopier:  (866) 266-0971
    Email: lit-docket@moore-firm.com

Electronically Submitted
9/15/2020 3:01 PM
Hidalgo County Clerk
Accepted by: Alma Navarro

**CL-20-3547-D**

      By:    **_/s/ J. Michael Moore_**
                J. MICHAEL MOORE
                State Bar No. 14349550
                Attorney For Plaintiff

Electronically Submitted
9/17/2020 1:53 PM
Hidalgo County Clerk
Accepted by: Sandra Falcon

CAUSE NO. CL-20-3547-D

THE STATE OF TEXAS
COUNTY OF HIDALGO

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

    To:    JOSE ANTONIO ALVAREZ
           CANO & SON MEXICO SA DE CV
           CARRETERA FEDERAL REYNOSA - MAT 1000 CALLE SONORA #608 REYNOSA
           TAMAULIPAS MEXICO 88780
           109 DICKER RD
           SAN JUAN TX 78589
           OR AT SUCH OTHER PLACE AS THE DEFENDANT MAY BE FOUND

GREETINGS: You are commanded to appear by filing a written answer to the Plaintiff's petition at or before 10 o'clock A.M. on or before the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable County Court At Law #4 of Hidalgo County, Texas, by and through the Hidalgo County Clerk at 100 N. Closner, First Floor, Edinburg, Texas 78539.

Said Plaintiff's Petition was filed in said Court, on the 15th day of September, 2020 in this Cause Numbered CL-20-3547-D on the docket of said Court, and styled,

**RAFAEL QUINTANILLA**
vs.
**JOSE ANTONIO ALVAREZ; CANO & SON MEXICO SA DE CV**

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Plaintiff's Original Petition, And Requests For Disclosure To Defendants accompanying this Citation and made a part hereof.

NAME & ADDRESS OF ATTORNEY FOR PLAINTIFF:
    J. MICHAEL MOORE
    THE MOORE LAW FIRM
    4900 NORTH 10TH ST SUITE F-3
    MCALLEN TX 78504

The officer executing this citation shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at Edinburg, Texas this 16th day of September, 2020.

                      ARTURO GUAJARDO, JR.
                      COUNTY CLERK, HIDALGO COUNTY, TEXAS
                      100 N. CLOSNER
                      EDINBURG, TEXAS 78539
                      COUNTY COURT AT LAW #4

                      BY _____ DEPUTY
                              SANDRA FALCON

SHERIFF'S/CONSTABLE'S/CIVIL PROCESS

SHERIFF'S RETURN

Came to hand on the __16__ day of __September__, 20_20_, at __9:00__ o'clock __AM__ M., by Deputy (Sheriff/Constable)/Civil Process Server and to-wit the following:

DEFENDANT SERVED

Service was EXECUTED on the above referenced Defendant, in person, in Hidalgo County, Texas and served with a true copy of this Citation, with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Petition, at the following
Date, time, and place, to-wit:

NAME __Greta Vega__ DATE __9-17-20__ TIME __10:45 AM__ PLACE __109 Dicker Rd San Juan TX__

By: _____  By: _____
    CIVIL PROCESS SERVER                 DEPUTY SHERIFF/CONSTABLE

**DEFENDANT NOT SERVED**
Service was ATTEMPTED at the above address on the above referenced Defendant on the following date(s) and time(s), but to no avail:

NAME _____ DATE _____ TIME _____ PLACE _____

NAME _____ DATE _____ TIME _____ PLACE _____

NAME _____ DATE _____ TIME _____ PLACE _____

By; _____  By: _____
    CIVIL PROCESS SERVER                 DEPUTY SHERIFF/CONSTABLE

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF,
CONSTABLE OR CLERK OF THE COURT**

In accordance to rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is __A. Rios__, my date of birth is __7-14__ and my address is __PO Box 419 Edinburg TX__ declare under penalty of perjury that the foregoing is true and correct

EXECUTED in __Hidalgo__ County, state of Texas, on the __17__ day of __Sept__, 20_20_.

_____
DECLARANT

_____
If Certified by the Supreme Court of Texas
Date of Expiration /SCH Number

Electronically Submitted
9/17/2020 1:53 PM
Hidalgo County Clerk
Accepted by: Sandra Falcon

CAUSE NO. CL-20-3547-D

THE STATE OF TEXAS
COUNTY OF HIDALGO

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

To: CANO & SON MEXICO SA DE CV
CARRETERA FEDERAL REYNOSA - MAT
1000 CALLE SONORA #608 REYNOSA
TAMAULIPAS MEXICO 88780
109 DICKER RD
SAN JUAN TX 78589
OR AT SUCH OTHER PLACE AS THE DEFENDANT MAY BE FOUND

GREETINGS: You are commanded to appear by filing a written answer to the Plaintiff's petition at or before 10 o'clock A.M. on or before the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable County Court At Law #4 of Hidalgo County, Texas, by and through the Hidalgo County Clerk at 100 N. Closner, First Floor, Edinburg, Texas 78539.

Said Plaintiff's Petition was filed in said Court, on the 15th day of September, 2020 in this Cause Numbered CL-20-3547-D on the docket of said Court, and styled,

**RAFAEL QUINTANILLA**
**vs.**
**JOSE ANTONIO ALVAREZ; CANO & SON MEXICO SA DE CV**

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Plaintiff's Original Petition, And Requests For Disclosure To Defendants accompanying this Citation and made a part hereof.

NAME & ADDRESS OF ATTORNEY FOR PLAINTIFF:
J. MICHAEL MOORE
THE MOORE LAW FIRM
4900 NORTH 10TH ST SUITE F-3
MCALLEN TX 78504

The officer executing this citation shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at Edinburg, Texas this 16th day of September, 2020.

ARTURO GUAJARDO, JR.
COUNTY CLERK, HIDALGO COUNTY, TEXAS
100 N. CLOSNER
EDINBURG, TEXAS 78539
COUNTY COURT AT LAW #4

BY _____ DEPUTY
SANDRA FALCON

SHERIFF'S/CONSTABLE'S/CIVIL PROCESS

SHERIFF'S RETURN
Came to hand on the __16__ day of __September__, 20 __20__, at __9:00__ o'clock __AM__ M., by Deputy (Sheriff/Constable)/Civil Process Server and to-wit the following:

DEFENDANT SERVED

Service was EXECUTED on the above referenced Defendant, in person, in Hidalgo County, Texas and served with a true copy of this Citation, with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Petition, at the following
Date, time, and place, to-wit:

NAME __Greta Vega__ DATE __9-17-20__ TIME __10:45 AM__ PLACE __109 Dicker Rd San Juan TX__

By: _____  By: _____
CIVIL PROCESS SERVER            DEPUTY SHERIFF/CONSTABLE

**DEFENDANT NOT SERVED**
Service was ATTEMPTED at the above address on the above referenced Defendant on the following date(s) and time(s), but to no avail:

NAME _____ DATE _____ TIME _____ PLACE _____

NAME _____ DATE _____ TIME _____ PLACE _____

NAME _____ DATE _____ TIME _____ PLACE _____

By; _____  By: _____
CIVIL PROCESS SERVER            DEPUTY SHERIFF/CONSTABLE

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT**

In accordance to rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is __A. Rios__, my date of birth is __7-14__ and my address is __PO Box 1419 Edinburg TX__. I declare under penalty of perjury that the foregoing is true and correct

EXECUTED in __Hidalgo__ County, state of Texas, on the __17__ day of __Septe__, 20 __20__.

_____
DECLARANT

_____
If Certified by the Supreme Court of Texas
Date of Expiration /SCH Number