

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| RAFAEL QUINTANILLA, §<br>  *Plaintiff*, §<br>  §<br>V. §<br>  §<br>  §<br>DEFENDANT CANO AND SON §<br>MEXICO SA DE CV AND JOSE §<br>ANTONIO ALVAREZ, §<br>  *Defendants*. § | CIVIL ACTION NO.: 7:21-CV-00058<br>JURY DEMANDED |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

**TO THE HONORABLE U.S. DISTRICT COURT AND JURY:**

**COMES NOW**, Rafael Quintanilla, Plaintiff (hereinafter sometimes referred to as "Plaintiff" or "QUINTANILLA"), in the above styled and numbered case and pursuant to Rules 8 and 15(a)(2) of the Federal Rules of Civil Procedure[1], files this Plaintiff's First Amended Complaint, Defendant Cano and Son México SA de CV (hereinafter sometimes referred to collectively as "Defendant" or individually as "DEFENDANT CANO AND SON"), and Jose Antonio Alvarez (hereinafter sometimes referred to collectively as "Defendant" or individually as "ALVAREZ") and for cause of action respectfully shows unto the Court and Jury the following:

**I.   PARTIES**

1. Plaintiff, Rafael Quintanilla, is a resident of Hidalgo County, Texas.

---

[1] Prior to filing with the Court, a copy of this amended complaint was provided to counsel of record, Ms. Tamara Rodriguez, and Plaintiff received written permission from Defendants to file this amended complaint, as required by Rule 15(a)(2) of the Federal Rules of Civil Procedure.

2. Defendant, Jose Antonio Alvarez, is an individual and is a citizen of Mexico, who may be served with Citation and a copy of this petition at his place of residence. **Defendant has appeared and answered herein and no further service of citation is required.**

3. Defendant, Defendant Cano and Son Mexico Sa de Cv, is a company organized and exiting under the laws of Mexico doing business within the State of Texas. **Defendant has appeared and answered herein and no further service of citation is required.**

4. When in this petition it is stated and alleged that Jose Antonio Alvarez, individually, committed or omitted any act or thing, it is meant and alleged that said Defendant committed said act and/or omission, both in his individual capacity and also in his capacity as an employee of Defendant Cano and Son Mexico Sa de Cv; and that said acts and/or omission was done as an officer, agent, servant, employee and/or a representative of said Defendant, and/or said commission and/or omission was done by such act or thing with the full authorization and/or ratification of said Defendant, and that the commission and/or omission was done in the normal and routine scope of employment by authorized officers, agents, servants, employees and/or representative of same.

## II.      JURISDICTION & VENUE

5. The incident giving rise to this lawsuit occurred in Pharr, Hidalgo County, Texas, which is within the geographical confines of the Southern District of Texas. Accordingly, venue is proper in the Southern District of Texas. The court has jurisdiction over this lawsuit under 28 U.S.C. §1332(a)(2) because the suit is between a citizen of a

state and a citizen of a foreign state and the amount in controversy exceeds $75,000.00, excluding interest and costs.

6. Jurisdiction and venue is proper in this Court under 28 U.S.C. § 1391 (e)(2) and (3) because a substantial part of the events and omissions giving rise to the claim occurred in and the Plaintiff resides within the Judicial District of this Court.

7. This court has jurisdiction over Defendant, Alvarez, because said Defendant purposefully availed himself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Defendant, Alvarez, will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process. This court has jurisdiction over Defendants, Alvarez, Individually, and Cano and Son, because said Defendant purposefully availed themselves of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Alvarez, Individually, and Cano and Son, will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

8. Furthermore, Plaintiff would show that Defendants Alvarez, Individually, and Cano and Son, were engaged in activities constituting business in the state of Texas, in that said Defendants committed a tort in whole or in part in Texas.

### III. CONDITIONS PRECEDENT

9. All conditions precedent to the filing of this complaint have been performed and occurred.

## IV.    FACTUAL BASIS OF CLAIM

10. This motor vehicle collision occurred on or about October 17, 2018, at the 1200 block of W. Dicker Road in Hidalgo, Hidalgo County, Texas. Plaintiff was traveling in a reasonable and prudent manner, exercising ordinary care for her safety and the safety of others.

11. Plaintiff was traveling westbound on Dicker Road, and was stationary at the intersection of W. Dicker Road, and Jackson Road in Hidalgo Texas due to the presence of a red light. Defendant ALVAREZ, an employee, acting within the course and scope of employment for Defendant Cano and Son, was traveling behind Plaintiff operating a commercial tractor truck, was not attentive to his surroundings, failed to control his speed and struck Plaintiff from behind causing this crash event. Due to the magnitude of the collision in question, Plaintiff was caused to suffer significant personal injuries and damage to his vehicle.

12. Due to Defendant's negligence in failing to control his speed, driving inattentive and failing to maintain a proper lookout, a violent collision occurred between the 1999 Kenworth T880 Tractor Truck driven by Alvarez and the 2003 Ford minivan operated by Plaintiff.

13. As a result of Defendant's acts of negligence as set forth herein and above, Plaintiff sustained severe personal injuries.

## V.    COUNT 1 - PLAINTIFF'S CLAIM OF NEGLIGENCE AND NEGLIGENCE PER SE AGAINST ALVAREZ AND DEFENDANT CANO AND SON

14. Defendant, ALVAREZ, had a duty to exercise that degree of care on the occasion in question that a reasonable and prudent person would have exercised under the

same or similar circumstances and wholly failed to do so thus breaching the duty owed to Plaintiff which was a producing and proximate cause of the occurrence in question and the Plaintiff's resulting injuries and damages.

15. Plaintiff's injuries were proximately caused by ALVAREZ's negligent, careless and reckless disregard of said duty. The negligent, careless and reckless disregard of duty of ALVAREZ, consisted of, but is not limited to, the following acts and omissions:

a) In that Defendant failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

b) In that Defendant was operating his motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances;

c) In that Defendant failed to maintain a clear and reasonable distance between Plaintiff motor vehicle and the tractor truck that Defendant was operating;

d) In that Defendant failed to keep such distance away from Plaintiff's motor vehicle as a person using ordinary prudent care would have done;

e) In that Defendant was operating his motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances;

f) In that Defendant failed to apply his brakes to his motor vehicle in a timely and prudent manner;

g) In that Defendant was operating his vehicle at an unsafe speed to negotiate the surrounding traffic in an effort to avoid gearing down; and

h) In that Defendant failed to exercise ordinary care to protect Plaintiff, Rafael Quintanilla.

16. ALVAREZ's conduct described herein constitutes an unexcused breach of duty imposed by **Texas Transportation Code Section 545.351; Failed to Control Speed; when the speed of the vehicle was unreasonable for the circumstances or conditions and the driver's lack of control resulted in a collision with a person, vehicle, or**

**conveyance that was legally on the roadway**. Plaintiff is a member of the class that Texas Transportation Code Section 545.351 was designed to protect.

17. ALVAREZ, in his individual capacity and as an employee of DEFENDANT CANO AND SON, unexcused breach of the duty imposed by Texas Transportation Code Section 545.351.

18. Further, Defendants also violated sections of Title 49 of the Code of Federal Regulations as well as Title 37 of the Texas Administrative Code that governs Motor Carriers. Defendants' violated sections which include, but are not limited to the following Federal Motor Carrier Safety Regulations:

a) §391.1   Scope of the rules in this part - additional qualifications; duties of carrier-drivers; The rules in this part establish minimum qualifications for persons who drive commercial motor vehicles as, for, or on behalf of motor carriers. The rules in this part also establish minimum duties of motor carriers with respect to the qualifications of their drivers;

b) §391.11   General qualifications of drivers - A person shall not drive a commercial motor vehicle unless he/she is qualified to drive a commercial motor vehicle. Except as provided in §391.63, a motor carrier shall not require or permit a person to drive a commercial motor vehicle unless that person is qualified to drive a commercial motor vehicle

c) §391.21   Application for employment - a person shall not drive a commercial motor vehicle unless he/she has completed and furnished the motor carrier that employs him/her with an application for employment that meets the requirements of paragraph (b) of this section. (b) The application for employment shall be made on a form furnished by the motor carrier. Each application form must be completed by the applicant, must be signed by him/her;

d) §391.23   Investigation and inquiries - each motor carrier shall make the following investigations and inquiries with respect to each driver it employs, other than a person who has been a regularly employed driver of the motor carrier for a continuous period which began before January 1, 1971;

e) §391.25   Annual inquiry and review of driving record - Except as provided in subpart G of this part, each motor carrier shall, at least once every 12 months, make an inquiry to obtain the motor vehicle record of each driver it employs, covering at least the preceding 12 months, to the appropriate agency of every State in which

the driver held a commercial motor vehicle operator's license or permit during the time period;

f) §391.27 Record of violations - Except as provided in subpart G of this part, each motor carrier shall, at least once every 12 months, require each driver it employs to prepare and furnish it with a list of all violations of motor vehicle traffic laws and ordinances (other than violations involving only parking) of which the driver has been convicted or on account of which he/she has forfeited bond or collateral during the preceding 12 months;

**SUBPART F—FILES AND RECORDS:**

g) §391.51 General requirements for driver qualification files - Each motor carrier shall maintain a driver qualification file for each driver it employs. A driver's qualification file may be combined with his/her personnel file;

h) §391.53 Driver investigation history file - Each motor carrier must maintain records relating to the investigation into the safety performance history of a new or prospective driver pursuant to §391.23(d) and (e). This file must be maintained in a secure location with controlled access;

i) §395.3 Maximum driving time for property-carrying vehicles - Except as otherwise provided in §395.1, no motor carrier shall permit or require any driver used by it to drive a property-carrying commercial motor vehicle, nor shall any such driver drive a property-carrying commercial motor vehicle, regardless of the number of motor carriers using the driver's services

j) §395.8 Driver's record of duty status - a motor carrier subject to the requirements of this part must require each driver used by the motor carrier to record the driver's duty status for each 24-hour period

**PART 396—INSPECTION, REPAIR, AND MAINTENANCE:**

k) §396.1 Scope - Every motor carrier, its officers, drivers, agents, representatives, and employees directly concerned with the inspection or maintenance of commercial motor vehicles must be knowledgeable of and comply with the rules of this part; and

l) §396.3 Inspection, repair, and maintenance - Every motor carrier and intermodal equipment provider must systematically inspect, repair, and maintain, or cause to be systematically inspected, repaired, and maintained, all motor vehicles and intermodal equipment subject to its control.

19. These statutes are designed to protect a class of persons to which plaintiff belongs against the type of injury suffered by plaintiff. The statute is of the type that imposes tort liability. Defendants' violations of the statute were without a legal excuse.

Defendants' breach of duty imposed by the statute proximately caused injury to plaintiff, which resulted in the damages set forth below and incorporated by reference herein.

20.  These acts and/or omissions constitute negligence and proximately caused Plaintiff's injuries as alleged herein.

### VI.  COUNT 2 - PLAINTIFF'S CLAIM OF RESPONDEAT SUPERIOR AGAINST DEFENDANT CANO AND SON

21.  At the time of the occurrence of the act in question and immediately prior thereto, Defendant, Alvarez was within the course and scope of employment for Defendant Cano and Son.

22.  At the time of the occurrence of the act in question and immediately prior thereto, Defendant, Alvarez was engaged in the furtherance of Defendant Cano and Son business affairs.

23.  At the time of the occurrence of the act in question and immediately prior thereto, Alvarez was engaged in accomplishing a task for Defendant Cano and Son, for which Alvarez was employed.

24.  Plaintiff invokes the doctrine of ***Respondent Superior*** as against Defendant Cano and Son.

### VIII.  CAUSATION

25.  All of the above and foregoing acts of omission and commission of negligence alleged herein to be committed by Defendants, Alvarez, Individually, and Defendant Cano and Son, and its employees, servants and agents which forms the basis of liability of Alvarez, Individually, and Defendant Cano and Son to Plaintiff Quintanilla, whether taken separately or in combination with another, were a producing and proximate cause of the crash event made the basis of this suit, the personal injuries of Mr. Quintanilla

and the damages sustained herein by Plaintiff, were as a result of the crash event of October 17, 2018.

## IX.  DAMAGES TO PLAINTIFF RAFAEL QUINTANILLA

26.  As a proximate cause of Defendants' violations and the occurrence made the basis of this suit and acts of Defendants described herein Plaintiff, Rafael Quintanilla, was caused to suffer damages and has incurred the following damages:

a)  The physical pain and suffering incurred by Plaintiff, as a result of the incident in question up to the time of trial and which in all reasonable probability will be incurred in the future;

b)  The mental anguish suffered by Plaintiff as a result of the incident in question up to the time of trial and which in all reasonable probability will be incurred in the future;

c)  The physical impairment suffered by Plaintiff, which has occurred as a result of the incident in question up to the time of trial and which in all reasonable probability will be incurred in the future;

d)  The physical disfigurement suffered by Plaintiff, which has occurred as a result of the incident in question up to the time of trial and in the future;

e)  The amount of reasonable medical expenses necessarily incurred in the treatment of Plaintiff's injuries which plaintiff has incurred up to the time of trial;

f)  The reasonable medical expenses and life care needs of Plaintiff necessary to treat his injuries and sustain him for the remainder of his life which in all reasonable medical probability will be incurred in the future; and

g)  The loss of enjoyment of life, which will in all reasonable probability continue in the future.

27.  By reason of the above, Plaintiff Quintanilla, has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

28.  Plaintiff hereby seek recovery of those elements of damage in an amount within the jurisdictional limits of this Court.

## X.  PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Rafael Quintanilla, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for the following damages;

a) Actual damages in the just and reasonable monetary relief of over $100,000 but not more than $200,000, including damages of any kind, penalties, court costs, expenses, post and pre-judgment interest;

b) Costs of suit; and

c) Such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**MOORE LAW FIRM**
4900 North 10th Street, Suite F3
McAllen, Texas 78504
Telephone:  (956) 631-0745
Telecopier:  (866) 266-0971
Email: lit-docket@moore-firm.com

By:   **/s/ Paul Gaytan**
Paul Gaytan, of counsel
Texas Bar No. 24007233
Fed. Bar No.23940
**ATTORNEY FOR PLAINTIFF**

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

## **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that a true and correct copy of the foregoing Plaintiff's first Amended Complaint has been forwarded via e-file service to the following counsel of record on this 6th day of October, 2021, as follows:

Ms. Tamara L. Rodriguez
Vidaurri, Lyde, Rodriguez & Haynes, LLP
956-381-0725 Fax
Email: trodriguez@vlrhlaw.com
*Counsel for Defendants*

/s/ **Paul Gaytan**
Paul Gaytan